# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

DIAMOND POINT HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; NEVADA ASSOCIATION SERVICES, INC.,

    Defendants.

Case No. 2:16-cv-00405-KJD-PAL

**ORDER**

Presently before the Court is Defendant SFR Investments Pool 1, LLC ("SFR")'s Motion to Certify a Question of Law to Nevada's Supreme Court (#43). Plaintiff filed a response (#47) to which SFR replied (#50).

**I. Background**

On or about October 1, 2008, Deborah Callaway and Michael Ortiz ("the borrowers") purchased real property located at 1204 E. Hammer Lane, North Las Vegas, Nevada 89081 ("the property"). The borrowers financed the purchase through a $264,499.00 loan, recorded on October 16, 2008, and secured by a deed of trust held by BAC Home Loans Servicing, LP ("BAC"). The loan and deed of trust are insured by the Federal Housing Administration.

On June 2, 2011, Nevada Association Services, Inc. ("NAS"), on behalf of Diamond Point Homeowners Association ("Diamond Point"), recorded a notice of a delinquent assessment lien for $957.15. On July 1, 2011 BAC merged with BANA. Diamond Point, through its agent NAS, recorded notice of default and election to sell to satisfy the delinquent assessment lien for $1,999.28. Within ten days of recording a notice of default, NAS mailed a copy to multiple parties, including BAC.

On August 8, 2011, Bank of America, N.A. ("BANA") requested a ledger from Diamond Point delineating the super-priority amount due to Diamond Point. Diamond Point, through its agent NAS, did not identify the super-priority amount but instead provided BANA with a ledger identifying the total amount allegedly owed. On September 22, 2011, BANA delivered a check to Diamond Point for what it calculated to be the super-priority amount due ($279: nine months of fees at $31 per month). Diamond Point rejected BANA's payment.

On March 20, 2012, NAS, on behalf of Diamond Point, recorded a notice of foreclosure sale of the property, stating $3,243.40 was the amount due. The sale was scheduled for April 20, 2012, and on July 27, 2012, SFR placed the winning bid: $8,000. On February 26, 2016, BANA filed its complaint against Diamond Point, SFR, and NAS. On November 17, 2016, SFR filed the present Motion to Certify a Question for Nevada's Supreme Court.

**II. Analysis**

A. Certifying a Question for Nevada's Supreme Court

In light of the Ninth Circuit's ruling in Bourne Valley v. Wells Fargo, SFR asks this Court to certify the following question: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?"

However, on April 21, 2017, in Bank of New York Mellon v. Star Hill Homeowners Association, this Court certified this exact question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners['] associations to provide

notices of default to banks even when a bank does not request notice?" Bank of New York Mellon v. Star Hill Homeowners Assoc., 2017 WL 1439671, at *5 (D. Nev. April 21, 2017).

In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (2016). However, that leaves this Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944). Allowing the Nevada Supreme Court to answer this question before considering any other motions will provide this Court the necessary guidance as to how to handle the issue of notice and actual notice in light of Bourne Valley.

In Bank of New York Mellon, the Court did not and could not rely upon any controlling state law as to the requirements of notice, just as this Court cannot do so here. An answer to the above already certified question will provide much needed clarity, and may be dispositive of many of the issues currently before the Court in this case.

B. *Sua Sponte* Stay of the Case

The pending motions for summary judgment in this case implicate the previously certified question regarding what notice state law requires. To save the parties from the need to invest resources in discovery surrounding the notice requirement, the Court *sua sponte* stays all proceedings in this case and denies all pending motions without prejudice.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case — often called a "Landis stay" — the district court must weigh: (1) the possible damage that may result from a stay;

(2) any "hardship or inequity" that a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a Landis stay is appropriate.

### 1. Damage from a stay

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated pending the Nevada Supreme Court's answer to the certified question. It is not clear that a stay will ultimately lengthen the life of this case.

Additionally, a stay of this case pending resolution of the certified question is expected to be reasonably short. This Court certified the question approximately five months ago, and briefing on the pending petition in Nevada's Supreme Court is nearing completion. Because the length of this stay is directly tied to the petition proceedings in that case, it is reasonably brief, and not indefinite. Thus, the Court finds only minimal possible damage that this stay may cause.

### 2. Hardship and inequity

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the certified question has been resolved. And in the interim both parties stand to benefit from a stay, regardless of the outcome of the certified question. A stay will prevent unnecessary briefing and premature expenditures of time, attorney's fees, and resources.

### 3. Orderly course of justice

At the center of this case is the question of what notice is now required under NRS Chapter 116 in light of the Ninth Circuit decision Bourne Valley. The jurisprudence in this area of unique Nevada law continues to evolve, causing parties in the scores of foreclosure-challenge actions to file new motions or supplement the ones that they already have pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are

abandoned and replaced." Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc., 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017). Staying this case pending the Nevada Supreme Court's disposition of the certified question in Bank of New York Mellon will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the Court's resources.

Therefore, the Court orders this action stayed. Once the Nevada Supreme Court has resolved the question certified in Bank of New York Mellon, either party may move to lift the stay.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant SFR's Motion to Certify a Question of Law to Nevada's Supreme Court (#43) is **DENIED as moot**;

IT IS FURTHER ORDERED that all pending motions are **DENIED without prejudice**;

IT IS FURTHER ORDERED that this action is **STAYED.**

DATED this 20th day of September, 2017.

_____
Kent J. Dawson
United States District Judge